UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MICHAEL HUEY, individually
and on behalf of those similarly situated,

    Plaintiff,

v.

ASSET SURPLUS REALLOCATION,
LLC d/b/a SURGISHOP, NICHOLAS
DERIAN, ALAN GARCIA, CASSIO
BARBOSA, AND ARTHUR BORGES

    Defendants.
_____/

CIVIL ACTION NO. 8:24-cv-471

JURY TRIAL DEMANDED

# COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Huey ("Huey"), individually and on behalf of those similarly situated, bring this action against Defendants, Asset Surplus Reallocation, LLC ("SurgiShop"), Alan Garcia ("Garcia"), Nicholas Derian ("Derian"), Cassio Barbosa ("Barbosa"), and Arthur Borges ("Borges"), and alleges as follows:

## INTRODUCTION

1.    This collective action is brought by Plaintiff, individually and on behalf of all others similarly situated. Plaintiff and those similarly situated were employed by Defendants as sales employees and were denied proper compensation as required by federal law. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This action is made up of all sales employees with substantially similar job duties who were not paid overtime when working more than 40 hours in a single workweek (the "Punitive Collective") and who have worked for SurgiShop at any time within three years before this action's filing date (the "Collective Period").

## PARTIES, JURISDICTION, & VENUE

3. Huey is an adult who at all material times was a resident of Hillsborough County, Florida. Huey was employed by SurgiShop from July 2021 through November 2022. Huey was employed as a sales representative. Huey was Defendants' employee as defined by the FLSA.

4. SurgiShop is a Florida limited liability company with its principal place of business in Hillsborough County, Florida.

5. Garcia is an adult citizen of the State of Florida.

6. During the Collective Period, Garcia exercised significant control over the operations of SurgiShop.

7. During the Collective Period, Garcia was an owner of SurgiShop.

8. During the Collective Period, Garcia held the Chief Financial Officer position.

9. During the Collective Period, Garcia held substantial supervisory authority over Plaintiff and the Punitive Collective.

10. During the Collective Period, Garcia had substantial influence over the financial affairs and operational controls of SurgiShop including, but not limited to, substantial influence over the compensation and payroll policies and procedures used to compensate Plaintiff and the Punitive Collective.

11. Derian is an adult citizen of the State of Florida.

12. During the Collective Period, Derian exercised significant control over the operations of SurgiShop.

13. During the Collective Period, Derian was an owner of SurgiShop.

14. During the Collective Period, Derian held the Chief Operating Officer position.

15. During the Collective Period, Derian held substantial supervisory authority over Plaintiff and the Punitive Collective.

16. During the Collective Period, Derian had substantial influence and control over all day-to-day operations of SurgiShop including, but not limited to, day-to-day control over human resource decisions such as hiring employees, firing employees, disciplinary action over employees, and setting employee schedules. Derian has substantial influence and control over the compensation and payroll policies and procedures used to compensate Plaintiff and the Punitive Collective.

17. Barbosa is an adult citizen of the State of Florida.

18. During the Collective Period, Barbosa exercised significant control

over the operations of SurgiShop.

19. During the Collective Period, Barbosa was an owner of SurgiShop.

20. During the Collective Period, Barbosa held the Chief Sourcing Officer position.

21. During the Collective Period, Barbosa held substantial supervisory authority over Plaintiff and the Punitive Collective.

22. During the Collective Period, Barbosa had substantial influence over the financial affairs and operational controls of SurgiShop including, but not limited to, substantial influence over the compensation and payroll policies and procedures used to compensate Plaintiff and the Punitive Collective.

23. Borges is an adult citizen of the State of Florida.

24. During the Collective Period, Borges exercised significant control over the operations of SurgiShop.

25. During the Collective Period, Borges was an owner of SurgiShop.

26. During the Collective Period, Borges held the Chief Technology Officer position.

27. During the Collective Period, Borges held substantial supervisory authority over Plaintiff and the Punitive Collective.

28. During the Collective Period, Borges had substantial influence and control over all decisions of the SurgiShop including, but not limited to, personnel,

legal, financial, and operational decisions. Borges exercised substantial influence over the compensation and payroll policies and procedures used to compensate Plaintiff and the Punitive Collective.

29. Defendants were the employer of Plaintiff and the Punitive Collective within the meaning of the FLSA.

30. This Court has original jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331.

31. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

32. Venue is proper in this Court under 27 U.S.C. § 1391 because Defendants operate in this district and a substantial part of the events or omissions giving rise to the claims occurred within this district.

## FACTUAL ALLEGATIONS

33. SurgiShop is a distributor of surgical supplies.

34. Huey worked for Defendant as a sales employee.

35. Huey worked both at SurgiShop's office and from his home located in Hillsborough County, Florida.

36. Huey's primary job duty was generating sales with new and existing customers. Huey generated these sales within pre-determined parameters set by SurgiShop.

5

37. In addition to Plaintiff, Defendants employ numerous other sales employees.

38. During the Collective Period, Plaintiff and the Punitive Collective were engaged in commerce as defined by Section 207(a)(1) of the FLSA.

39. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, applied to Defendants.

40. Plaintiff and the Punitive Collective were improperly classified as exempt from the FLSA's overtime requirements and paid a salary plus commissions.

41. Plaintiff and the Punitive Collective regularly worked more than 40 hours in a workweek without receiving overtime compensation. During these weeks, Defendants did not provide Plaintiff and the Punitive Collective with overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked over 40 during those workweeks.

42. Rather than pay Plaintiff and the Punitive Collective at a rate of one and one-half times their regular rate of pay for all hours worked over 40 during a workweek, Defendants misclassified Plaintiff and the Punitive Collective as exempt from overtime pay and did not compensate them for any overtime hours worked.

43. Plaintiff worked, on average, at least approximately 5 to 10 hours of

overtime each week.

44. Defendants required the Punitive Collective to work more than 40 hours per week.

45. Plaintiff and the Punitive Collective who worked for Defendants were not required to keep timesheets or otherwise track their time.

46. Defendants knew Plaintiff and the Punitive Collective worked overtime without proper compensation, and they willfully failed and refused to pay overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff bring this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as sales employees.

48. The proposed collective is defined as:

All persons employed by SurgiShop who meet each of the following criteria: (i) the employee was a sales employee whose primary job duties were generating sales to existing customers or potential customers; (ii) the employee was classified as exempt under the FLSA, (iii) the employee worked more than forty (40) hours in any one workweek between 3 years prior to the filing of this Complaint and the date this lawsuit was filed; (iv) the employee was not paid at overtime rates as specified by law.

49. As the case proceeds, it is likely additional individuals will file consent forms and join as "opt-in" plaintiffs.

50. Plaintiff and the Punitive Collective are or were employed by

Defendants within the meaning of the FLSA.

51. Defendants paid Plaintiff and the Punitive Collective pursuant to the same or substantially similar compensation structure, which was a salary and commissions.

52. Defendants improperly classified Plaintiff and the Punitive Collective as exempt from the FLSA's overtime pay requirements.

53. Plaintiff and the Punitive Collective routinely worked over 40 hours in a workweek and were not compensated by Defendants with overtime pay for the overtime hours they worked.

54. Defendants were both aware of and required this overtime work. Specifically, it was Defendants' policy and practice to encourage Plaintiff and the Punitive Collective to work overtime.

55. Defendants were aware that Plaintiff and the Punitive Collective worked under these conditions. Despite this knowledge, Defendants denied them overtime compensation.

56. Defendants uniformly misrepresented to Plaintiff and the Punitive Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the Punitive Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay.

57. For example, Plaintiff and the Punitive Collective performed sales

work for Defendants. This entailed selling surgical supplies to customers dictated by Defendants within pre-determined limits defined by Defendants.

58. Plaintiff and the Punitive Collective did not have the authority to determine what products were offered or what price would be charged outside of a pre-determined limit.

59. The relevant job duties of Plaintiff and the Punitive Collective were substantially similar.

60. Defendants failed to make, keep, and preserve records of the hours worked by Plaintiff and the Punitive Collective.

61. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the Punitive Collective.

62. Defendants' conduct is willful and in bad faith and has caused significant damages to Plaintiff and the Punitive Collective. Defendants are and were aware that Plaintiff and the Punitive Collective performed non-exempt work that required overtime pay.

63. Defendants are aware of the FLSA's requirements.

64. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Punitive Collective.

65. Notice of this action should be sent to the members of the Punitive Collective. There are numerous similarly situated current and former employees of

Defendant who have been denied appropriate compensation in violation of the FLSA who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**COUNT ONE: UNPAID OVERTIME IN VIOLATION OF THE FLSA**
(on behalf of Plaintiff and the Putative Collective against All Defendants)

66. Plaintiff reallege and incorporate Paragraphs 1 through 65.

67. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

68. Defendants are an "employer" as defined by the FLSA.

69. Defendants are engaged in commerce as defined by the FLSA.

70. Plaintiff and the Punitive Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

71. The primary duties of Plaintiff and the Punitive Collective did not involve managing SurgiShop or managing any customarily recognized department or subdivision of SurgiShop.

72. The primary duties of Plaintiff and the Punitive Collective did not involve customarily and regularly directing the work of at least two or more full-time employees or their equivalent.

73. The Plaintiff and the Punitive Collective did not have the authority to

hire or fire other employees.

74. The suggestions and recommendations of Plaintiff and the Punitive Collective as to hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

75. The Plaintiff and the Punitive Collective did not perform office or non-manual work directly related to the management of SurgiShop or to the general business operations of SurgiShop or its customers.

76. The primary duties of Plaintiff and the Punitive Collective did not include the exercise of discretion and independent judgment with respect to matters of significance.

77. The primary duties of Plaintiff and the Punitive Collective did not include the performance of work requiring advanced knowledge.

78. Plaintiff and the Punitive Collective were not customarily and regularly engaged away from SurgiShop's place or places of business.

79. SurgiShop is not a retail or service establishment.

80. Plaintiff and the Punitive Collective have worked more than 40 hours per week for Defendants during the applicable Collective Period.

81. Defendants have not properly compensated Plaintiff and the Punitive Collective for their overtime hours as required by the FLSA.

82. Defendants failed to make a good-faith effort to comply with the

FLSA as it relates to the compensation of Plaintiff and the Punitive Collective.

83. Defendants knew Plaintiff and the Punitive Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the Punitive Collective wages at the rate required by the FLSA.

84. Defendants' willful failure and refusal to pay Plaintiff and the Punitive Collective overtime wages for time worked violates the FLSA.

85. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Punitive Collective, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA.

86. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

87. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Punitive Collective have suffered and will continue to suffer a loss of income and other damages.

88. Plaintiff and the Punitive Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

WHEREFORE, Plaintiff individually and on behalf of the Punitive Collective, respectfully request the Court:

    a. Designate this action as a collective action on behalf of Plaintiff and the Punitive Collective, and promptly issue notice pursuant to 29

      U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b).

b.    Enter judgment that Plaintiff and the Punitive Collective are non-exempt employees entitled to protection under the FLSA;

c.    Enter judgment against Defendants for violations of the overtime and record-keeping provisions of the FLSA and award an amount equal to unpaid back wages at the applicable overtime rate, including all pre-judgment and post-judgment interest, to Plaintiff and the Punitive Collective;

d.    Find that Defendants' violations of the FLSA are willful;

e.    Award Plaintiff and the Punitive Collective liquidated damages;

f.    Award Plaintiff and the Punitive Collective all costs and attorneys' fees incurred prosecuting this claim; and

g.    Grant such other further relief, in law or equity, as this Court may deem appropriate.

### Demand for Jury Trial

89.    Plaintiff demands a trial by jury against Defendants.

Dated: February 22, 2024       /s/ Michael P. Schuette
                                                **MICHAEL P. SCHUETTE**
                                                Florida Bar No. 106181
                                                Email: mschuette@caklegal.com
                                                **WARREN ASTBURY**
                                                Florida Bar No. 78056
                                                Email: wastbury@caklegal.com
                                                **CANTRELL ASTBURY KRANZ, P.A.**
                                                401 East Jackson Street, Suite 2340
                                                Tampa, Florida 33602
                                                Telephone: (877) 858-6868